

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANDREW J. MULHOLLAND, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 08-3901 |
| v. | : | |
| | : | |
| LATRINA GONZALEZ, | : | |
| | : | |
| Defendant. | : | |



## MEMORANDUM RE: MOTION FOR JUDGMENT ON THE PLEADINGS

**Baylson, J.**                                                        Dec 19 2008

Presently before the Court is Defendant's motion for judgment on the pleadings with

regard to Plaintiff's claim for punitive damages.[1]  Plaintiff filed suit in state court for injuries

sustained as a result of an automobile collision between Plaintiff and Defendant, and Defendant

removed the suit to this Court based on diversity jurisdiction.  For the reasons set forth below,

the motion for judgment on the pleadings to dismiss the punitive damages claim is denied.

---

[1]Defendant first filed an Answer to the Complaint with Affirmative Defenses. (Doc. No.
2.)  In the Answer, Defendant listed as an Affirmative Defense that "[t]he Complaint fails to state
a claim against Defendant upon which punitive damages may be assessed against her." (Doc.
No. 2, § Affirmative Defenses, ¶ 12.)  Defendant then filed a motion entitled "Motion for
Judgment on the Pleadings of Defendant, Latrina Gonzalez, to Dismiss Claims for Punitive
Damages" and contended that the Court could grant such a motion pursuant to Fed. R. Civ. P.
12(c) and Rule 12(b)(6).  As the Court will grant the motion pursuant to Rule 12(c), it need not
consider it under Rule 12(b)(6).

## I.    Background

### A.    Facts

Plaintiff and Defendant were involved in an automobile collision on March 28, 2008 at approximately 5:45 AM in Philadelphia. (Compl. ¶ 5.) Defendant, a resident and citizen of New Jersey, was traveling westbound on Bartram Avenue, near the intersection with 84th Street, and Plaintiff, a resident and citizen of Pennsylvania, was traveling eastbound on Bartram Avenue. (Compl. ¶s 5-6.) Defendant attempted to execute a lefthand turn onto 84th Street, which leads to a parking lot for employees of Philadelphia International Airport, at which time Defendant collided with Plaintiff's oncoming vehicle. (Compl. ¶s 6-7, 10.)

Plaintiff filed suit to recover for injuries sustained during the accident, alleging that Defendant negligently, carelessly, and recklessly moved from her lane into the left-turning lane and executed the turn in deliberate, reckless and willful disregard of a red traffic signal. (Compl. ¶s 8-9, 12.) Plaintiff alleges that he suffered severe and disabling injuries, lost income and earning capacity, as well as embarrassment, humiliation, and inconvenience, as a direct result of Defendant's actions. (Compl. ¶s 13-16.)

### B.    Procedural History

Plaintiff filed his Complaint on July 22, 2008 in the Philadelphia Court of Common Pleas. Defendant removed to federal court on August 15, 2008 and filed an Answer with Affirmative Defenses on August 26, 2008. On August 29, Defendant filed a Motion for Judgment on the Pleadings to Dismiss the Punitive Damages claim.

### C.    Parties' Contentions

In her motion, Defendant asserts that Plaintiff failed to set forth a legally sufficient claim

-2-

for punitive damages. According to Defendant, the pleadings do not allege sufficient facts to support such a claim. Rather, Plaintiff merely alleges generally that Defendant engaged in "reckless" conduct, without setting forth a basis for that allegation.

Plaintiff responds that as a general matter, the Court cannot grant judgment on the pleadings for only part of Plaintiff's claims. Plaintiff argues that, in motions for summary judgment on complaints in which the plaintiff sets forth one legal theory (i.e., one cause of action), partial summary judgment is not appropriate. Because Courts apply the standards from summary judgment in judgments on the pleadings, partial judgment is likewise not available when there is only one claim, as there is here. Even if partial judgment on the pleadings is appropriate, Plaintiff argues that he has sufficiently alleged facts to support that claim.

## II.   **Legal Standards**

### A.   **Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B.   **Standard of Review**

The court may only grant a motion under Federal Rule of Civil Procedure 12(c) if "'the movant clearly establishes that no material issues of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Nesmith v. Independence Blue Cross, 2004 WL 253524, at *3 (E.D. Pa. Fed. 10, 2004) (quoting Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999). In deciding a motion for judgment on the pleadings under Rule 12(c), the court uses the same standard as when deciding a motion to dismiss under Rule

12(b)(6). Nesmith, 2004 WL 253524, at *3 (E.D. Pa. Fed. 10, 2004) (citing Constitution Bank v. DiMarco, 815 F. Supp. 1154 (E.D. Pa. 1993)).

      Thus, the motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998). The Court must also accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the nonmoving party. Consolidated Rail Corp. v. Portlight Inc., 188 F.3d 93, 94 (3d Cir. 1999). Similarly, as in a 12(b)(6) motion, the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994); see also U.S. Fidelity and Guaranty Co. v. Tierney Assocs., Inc., 213 F. Supp. 2d 468, 470 n.2 (M.D. Pa. 2002) ("Consideration of the content of documents to which a complaint makes reference in deciding a Rule 12 motion is, of course, appropriate.").

      A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n. 3 (2007)).

III.   **Analysis**

Under Pennsylvania law,[2] "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005). Punitive damages should be awarded only where the defendant's conduct is "so outrageous as to demonstrate willful, wanton, or reckless conduct." Id.; see also Restatement (Second) of Torts § 908. To state a claim for punitive damages under Pennsylvania law, "the pleadings must allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others." Great West Life Assurance Co. V. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993).

As an initial matter, this Court reject's Plaintiffs argument that partial judgment on the pleadings to dismiss a claim for punitive damages is not appropriate. Regardless of any similarity between the standards for summary judgment and judgment on the pleadings, many courts in this district have granted judgment on the pleadings with respect to punitive damages without disposing of the entire suit. See, e.g., Smith v. School District of Philadelphia, 112 F. Supp. 2d 417, 434-35 (E.D. Pa. 2000); Yoder v. Solanco School District, 2004 WL 438614 (E.D. Pa. March 9, 2004); Williams v. City of Philadelphia, 1994 WL 317877, at *2 (E.D. Pa. June 20, 1994). The Plaintiff cites no cases that have refused to do so on the grounds that partial judgment on the pleadings is unavailable. Thus, this Court will assess whether Plaintiff has sufficiently plead a claim for punitive damages.

---

[2]Jurisdiction is based on diversity citizenship. Pennsylvania law applies to the facts of this case, in which the Plaintiff is a citizen of Pennsylvania and the accident giving rise to the suit occurred that state.

In his pleadings, Plaintiff alleges that Defendant was "reckless by virtue of her (a) deliberate, reckless, and willful disregard of a traffic control device governing left hand turns which was red at the time she executed her turn, thus prohibiting a left hand turn at the time she turned; and (b) her deliberate, reckless, and willful lane change at the aforesaid time in place." The Court finds that this language sufficiently establishes a claim for punitive damages. Plaintiff has explicitly alleged facts–turning on the red light and changing lanes- that a finder of fact could later believe were sufficiently outrageous to demonstrate an evil motive or reckless indifference.

In so holding, this Court observes its decision is based merely on the pleadings, without the consideration of materials produced during discovery. Yet the determination of whether an individual was reckless inherently involves a fact-intensive inquiry. The Pennsylvania Supreme Court has noted that in making such a determination, "the state of mind of the actor is vital." Hutchinson 870 A.2d at 122. Likewise, the Restatement (Second) of Torts, which Pennsylvania has adopted, clearly states that "[i]n assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended and the wealth of the defendant." § 908(2).

Given the necessary consideration of these facts, it would be premature for the Court to dismiss the claim for punitive damages at this time where the pleadings sufficiently suggest facts that, if proven, may establish recklessness. See Young v. Westfall, 2007 WL 675182, at *2 (M.D. Pa. March 1, 2007) (noting that dismissal of a punitive damages claim at the pleading state is premature because even though "facts may later prove at most that defendants were merely negligent, discovery is necessary to help make this determination."); Farrell v. County of Montgomery, 2006 WL 166519, at *2 (E.D. Pa. January 18, 2006) (denying motion to dismiss

-6-

punitive damages claim where no discovery had been taken to evaluate Defendant's state of mind). Thus, viewing all well-pleaded allegations in the complaint in the light most favorable to Plaintiff, the Court will deny at this stage Defendant's motion for judgment on the pleadings with respect to the punitive damages claim.

An appropriate order follows.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW J. MULHOLLAND,               :
                                    :          CIVIL ACTION
                Plaintiff,          :
                                    :          No. 08-3901
        v.                          :
                                    :          FILED
LATRINA GONZALEZ,                   :
                                    :          DEC 1 9 2008
                Defendant.          :          MICHAEL E. KUNZ, Clerk
_____:          By_____ Dep. Clerk

## ORDER

AND NOW, this ⎸9 day of December, 2008, it is hereby ORDERED that

Defendant's Motion for Judgment on the Pleadings to dismiss the punitive damages claim (Doc.

No. 3) is DENIED.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-3901 Mulholland v. Gonzalez\Memo- MJP Punitive Damages.wpd

-8-